IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLENE JACOBSON          :
                           :
v.                         :    Civil No. WMN-05-1381
                           :
JO ANNE B. BARNHART        :

**MEMORANDUM**

Before the Court is Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment.  Paper No. 5.  Plaintiff filed an opposition to that motion, but also filed a motion to extend the time for opposing Defendant's motion to allow for adequate discovery.  Paper No. 7.  Both motions are fully briefed.  Upon a review of the pleadings and the applicable case law, the Court finds that no hearing is necessary (Local Rule 105.6) and that Defendant's motion should be denied and Plaintiff's motion denied as moot.

According to the Complaint, Plaintiff suffers from reactive arthritis, fibromyalgia, asthma, high blood pressure, ocular myastenia gravis, and demyelination of the peripheral nervous systems and demyelination of the central nervous systems.  Her medical condition periodically "flares up," requiring that she be hospitalized for a week or so, followed by a period of recovery.[1]  During these recovery periods, Plaintiff states that she cannot

---

[1] Plaintiff explains in her affidavit that the need for hospitalization occurs two to three times a year.  Pl.'s Aff. ¶ 7.

work at all for the first two weeks post-hospitalization; she can work only part-time and only at home during the following two weeks; she can work full-time, but only at home, during the next four weeks; and, she can then work full time, partly from home and partly at the office.

Until September 2003, Plaintiff was employed by the Social Security Administration (SSA) as an Information Technology Specialist.  In May 2003, Plaintiff experienced one of her flare-ups requiring hospitalization and she requested that her employer allow her to work consistent with the recovery regime set forth above.  Plaintiff was provided approximately 3 hours per day of work that could be accomplished at home during the first two weeks following hospitalization.  For the following two weeks, however, SSA was unable to provide the requested eight hours per day of at-home work.  Her supervisor, Marian Falkenstine, claimed that Plaintiff's lack of access to the secure Virtual Personal Network (VPN) limited the amount of work that could be assigned to her to no more than three hours a day.  Faced with the reduction in pay concomitant with the limited number of hours she was permitted to work, Plaintiff returned to work full time at the office six weeks after release from the hospital, sooner than she believes was medically advisable.

In July 2003, Plaintiff requested open-ended VPN access that would allow her to work at home three days a week, while working in the office two days a week.  Although her supervisor had granted Plaintiff a number of other accommodations including: the

ability to earn compensatory time after the end of the work day and on weekends, a motorized scooter, and some work that could be done at home without VPN access, Falkenstine did not grant the open-ended VPN access that would have allowed Plaintiff to work a three days at home/two days in the office schedule.  The reason given was that the grant of such access was "against SSA policy."

In August 2003, Plaintiff states that she suffered another flare-up that led to a hospitalization.  Plaintiff opines that being forced to return to the office too quickly after her May hospitalization contributed to this August flare-up.  Because she did not believe that she would be able to work enough hours to meet her financial obligations without the accommodation of being able to work three days a week from home, Plaintiff applied for, and was granted, an early-out retirement effective September 1, 2003.

Plaintiff filed this Complaint on May 19, 2005, bringing claims for violations of the Rehabilitation Act of 1973 (Count I) and the Age Discrimination in Employment Act (Count II), as well as a claim of constructive discharge (Count III).  Plaintiff asserts that she is an individual with a disability because, <u>inter alia</u>, her various medical conditions substantially limit her ability to walk.  She asserts Defendant violated the Rehabilitation Act by failing to allow her to work full time at home during the second month after hospitalization and by then refusing to allow her to work at home three days a week on an ongoing basis.  In support of her age discrimination claim,

3

Plaintiff asserts that Defendant provided a younger colleague with the same accommodation that she requested but was denied. Plaintiff was 56 years old during the relevant time period and the colleague was 47.  In her constructive discharge claim, Plaintiff asserts that Defendant's refusal to grant the requested accommodations forced her to retire because the limited hours and compensation that would be available without those accommodations would be insufficient to meet her financial obligations.

Consistent with the stipulation of the parties, the Court granted Defendant an extension until August 26, 2005, to respond to the Complaint.  In lieu of an answer, Defendant filed the instant motion to dismiss, or in the alternative, for summary judgment on August 25, 2005.  Plaintiff filed her "Rule 56(f) motion" on September 2, 2005, asking the Court for a reasonable amount of time to conduct discovery prior to her being required to file her opposition to the motion for summary judgment.  On September 8, 2005, as Plaintiff's Rule 56(f) motion was yet to become ripe or resolved, Plaintiff filed her response to Defendant's motion, opposing as best she could, without discovery, Defendant's motion.

In moving to dismiss the complaint, Defendant raises a variety of arguments that either misstate the substantive law, misrepresent jurisdictional facts, or impose on Plaintiff pleading requirements beyond those which are imposed under the relevant case law.  For example, Defendant asserts that Plaintiff's Rehabilitation Act claim is barred due to Plaintiff's

4

failure to exhaust her administrative remedies.  Reply 4-7.  This argument is premised on Defendant's assertion that Plaintiff first sought EEO counseling on August 31, 2003.  Id. 6.  The exhibit referenced by Defendant in support of that assertion (the "Social Security Administration EEO Counseling Report"), however, clearly identifies July 31, 2003, as the "DATE COUNSELING [WAS] FIRST SOUGHT."  Def.'s Ex. 7 at 1; see also Def.'s Ex. 11, Final Agency Decision dated April 18, 2005, at 4 ("On July 31, 2003, the complainant contacted an EEO Counselor raising a claim of disability and age discrimination.").  Plaintiff's request for counseling on July 31, 2003, for a claim related to the denied request for an accommodation to begin on May 20, 2003, was within the 45 day period in which counseling must be sought under 29 C.F.R. 1614.105(a)(1).

Also in the Reply, Defendant raises a misguided jurisdictional argument based on a flawed reading of a decision of the United States Merit Systems Protection Board (the Board). Defendant correctly notes that on the same date that Plaintiff filed the instant action in this Court, she also filed an appeal of SSA's Final Agency Decision with the Board.  Defendant erroneously states, however, that the Board "has already ruled that Plaintiff was not constructively discharged," and seems to contend that this "ruling" precludes Plaintiff from pursuing her constructive discharge claim in this Court.  See Reply 1 (opining that the Board's decision "reduc[es] the Plaintiff's claims to only two" -- her claim for discrimination based on age and her

5

disability claim).  Defendant further opines in a footnote that the Board "held that [Plaintiff's] appeal was not within the Board's jurisdiction because Appellant retired and retirement is presumed to be voluntary. . . .  Had the appellant been constructively discharged, the Board would have exercised jurisdiction over her appeal, but did not."  Id. 1 n.1.

 Defendant misconstrues the Board decision.  The Board did state that "[a]n employee that voluntarily resigned has no right to appeal to the Board," but it also observed that "[t]he Board has jurisdiction over an appeal filed by an employee who has retired if the employee proves, by a preponderance of the evidence that his retirement was involuntarily, and, thus, tantamount to a forced removal."  Def.'s Reply Ex. 1 at 2-3.  The Board never determined, however, in which category the Plaintiff's claim belonged.  Instead, the Board reached its decision based upon Plaintiff's dual filing of an appeal with the Board and a civil suit in this Court.  Citing a decision from the Tenth Circuit for the proposition that an employee in Plaintiff's position "may either file suit in the district court or pursue an administrative procedure," id. at 4 (citing Wells v. Shalala, 228 F.3d 1137 (10th Cir. 2000)), the Board concluded "[b]ased on the fact that the appellant has filed an appeal in the U.S. District Court, I find the Board lacks jurisdiction over the appeal."  Id. Contrary to Defendant's representation, the Board made no ruling

as to whether Plaintiff was constructively discharged.[2]

Defendant's remaining arguments in support of the motion to dismiss address the sufficiency of the allegations to support Plaintiff's various causes of action.  Upon a review of the Complaint, the Court finds that Plaintiff's allegations meet the "simplified pleading standard"" of Rule 8(a).  <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 513 (2002).

Defendant's arguments for summary judgment are similarly flawed.  Some are based on mischaracterizations of the evidence.  For example, Defendant states that Plaintiff's physician "opined on August 28, 2003 that Plaintiff was <u>too significantly impaired to work</u> thus suggesting that she was not a qualified individual with a disability as she could not perform the essential functions of her position with or without accommodation."  Mot. 13 n.5 (citing Def.'s Ex. 2, August 28, 2003 Letter from Dr. Steve Strauss) (emphasis added).  What Dr. Strauss actually said in that letter is that "I feel that [Plaintiff's] neurologic problems significantly impair her ability to work."  Def.'s Ex.

---

[2] Defendant also misstates the law regarding the scope of 5 U.S.C. § 7513, the statute under which Plaintiff appears to be asserting her constructive discharge claim.  Defendant contends that a constructive discharge is not one of the personnel decisions encompassed by section 7513.  Mot. 2 n.1 (citing 5 U.S.C. § 7512(1)-(5)).  It is well established, however, that "[a] retirement action that was the product of coercion, duress, or misrepresentation is involuntary" and is within the scope of § 7512.  <u>Fisher v. U.S. Postal Serv.</u>, 68 M.S.P.R. 70 (M.S.P.B. 1995); <u>see also</u> <u>Dodson v. U.S. Postal Serv.</u>, 67 M.S.P.R. 84 (M.S.P.B. 1995) (observing that "[a]n involuntary retirement is tantamount to a removal").
.

2.  Being "significantly impair[ed]" in the ability to work, is obviously not the same as being "too significantly impaired to work."

Perhaps the most flagrant of Defendant's misrepresentations of the evidence is Defendant's characterization of the nature of the accommodation sought by Plaintiff.  Defendant states that "[t]he only inference the Agency can draw from her description of the chain of events which she claims ultimately caused her to retire, is that Plaintiff's only acceptable accommodation would be to stay at home and to be paid as if she was working full-time even though she was not working."  Mot. 19.  Plaintiff's request to work three days from home may have been unreasonable and it may have been against some valid SSA policy.[3]  It was not, however, the same as asking to be paid for not working and Defendant's mischaracterization of it as such significantly undermines the credibility of Defendant's claim that it fairly considered Plaintiff's request and found it to be unreasonable.

Beyond the examples cited above, the Court will not address each issue upon which Defendant's evidence fails or for which Plaintiff has demonstrated that there is a genuine dispute of

---

[3] Although Defendant argues that Plaintiff's request was "against policy," Def.'s Reply 15, Defendant failed to ever produce a copy of this purported policy.  Plaintiff, on the other hand, has produced a written policy that would appear to permit precisely the accommodation requested.  Pl.'s Reply Ex. 2-A, National Agreement between the American Federation of Government Employees and SSA, Art. 39 ("A disabled person whose physical condition had deteriorated to the point that commuting to the office for his/her complete tour of duty is no longer possible, may be able to work at home a part of each week.")

fact.  Suffice it to say that, while after the completion of discovery, Defendant may be able to establish that it is entitled to summary judgment as to some or all of Plaintiff's claims, such a determination at this juncture is clearly premature.  Defendant's motion will be denied.  A separate order consistent with this memorandum will issue.

                                              /s/
                                    _____
                                    William M. Nickerson
                                    Senior United States District Judge

Dated: January 3, 2006